# WILMERHALE

Alan E. Schoenfeld

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

**VIA ECF**

August 26, 2025

Hon. Edgardo Ramos
United States District Court
   for the Southern District of New York
40 Foley Square
New York, NY 10007
ChambersNYSDRamos@nysd.uscourts.gov

    Re:    Motion to Coordinate *Estrada v. TaskUs, Inc.*, 1:25-cv-4409 with *In re Coinbase Customer Data Security Breach Litigation*, 25-md-3153

Dear Judge Ramos:

    Pursuant to Rule 1.A of this Court's Individual Practices and Local Civil Rule 7.1(e), and consistent with the Court's direction at the August 12 pre-motion conference in *Estrada v. TaskUs, Inc.*, 1:25-cv-4409 to file this written motion, we write on behalf of Coinbase to move the Court to enter an order pursuant to 28 U.S.C. § 1407(a) that: (i) designates *Estrada* as a coordinated action in *In re Coinbase Customer Data Security Breach Litigation*, 25-md-3153; and (ii) directs that all future pretrial filings in *Estrada* be filed on the 25-md-3153 docket. Mr. Estrada consents to any interested party entering an appearance on either the *In re Coinbase* docket or the *Estrada* docket, but otherwise opposes the motion. TaskUs opposes the motion.

    As Coinbase explained at the August 12 pre-motion conference, formal coordination within the MDL is warranted because *Estrada* arises out of the same data theft incident as the actions filed against Coinbase that have been centralized before this Court in the *In re Coinbase* MDL. *See* 28 U.S.C. § 1407(a) (coordination appropriate where actions "actions involving one or more common questions of fact"). Indeed, Mr. Estrada brings negligence and privacy claims against TaskUs (a Coinbase contractor) similar to the claims asserted by the MDL plaintiffs against Coinbase. *Compare* Compl. ¶¶ 103-151, *Estrada v. TaskUs, Inc.*, 1:25-cv-4409 (S.D.N.Y.) *with, e.g.*, Compl. ¶¶ 90-155 *Bender v. Coinbase Global, Inc., et al.*, 1:25-cv-4148 (S.D.N.Y.) (transferred to MDL), *and* Compl. ¶¶ 76-153, *Carmassi v. Coinbase Global, Inc., et al.*, 3:25-cv-4838 (N.D. Cal.) (conditionally transferred to MDL). And as Your Honor observed at the August 12 conference, this Court appears to have been assigned the MDL because of its prior assignment in *Estrada*.

    Given the common facts and similar claims, in the event any of these cases were to proceed beyond the pleading or arbitration motion stage, discovery would implicate overlapping witnesses and documents. Designating *Estrada* as a coordinated action would facilitate all parties' ability to confer and raise any disputes with the Court, and enable the Court to easily issue common rulings on one shared docket. *See In re Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1353 (J.P.M.L. 2019) (rejecting request

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

Hon. Edgardo Ramos
August 26, 2025
Page 2

**WILMERHALE**

for defendant-specific MDLs and holding that a single MDL "involving competing defendants" was appropriate because all "actions stem[med] from the same data breach, and there [was] significant overlap in the central factual issues, parties, proposed classes, and claims"); *In re Air Crash over the Southern Indian Ocean, on March 8, 2014*, 190 F. Supp. 3d 1358, 1360 (J.P.M.L. 2016) ("Centralization of these actions seeking recovery from different defendants on the same alleged injury will prevent inconsistent pretrial rulings and potentially duplicative discovery."). More informal coordination would not allow for these efficiencies.

Moreover, contrary to the *Estrada* parties' assertions, formal coordination would not delay or complicate the proceedings in that case. The MDL statute provides for "coordinated *or* consolidated pretrial proceedings," 28 U.S.C. § 1407(a) (emphasis added), and "the degree of coordination or consolidation of involved actions" lies in "the sound discretion of the transferee judge," *In re Bear Creek Techs., Inc. ('722) Patent Litig.*, 858 F. Supp. 2d 1375, 1377 (J.P.M.L. 2012). Thus, while the Court may order a consolidated complaint in the actions filed against Coinbase, Mr. Estrada (who currently asserts no claims against Coinbase) need not be included in that consolidated pleading. Likewise, any motion to dismiss filed by TaskUs may proceed on an independent track, and need not be affected by any consolidated complaint filed by the non-*Estrada* plaintiffs or any motion to compel arbitration filed by Coinbase.

For these reasons, Coinbase requests that the Court designate *Estrada* as a coordinated action in the *In re Coinbase* MDL. Because Coinbase is not a party to *Estrada* and therefore has no filing privileges in that case, we are concurrently emailing this letter to counsel for both parties in *Estrada*.

Should the Court have any questions about this request, we would be happy to address them at the MDL status conference scheduled for September 9. At the status conference, we will also be prepared to discuss the schedule for further proceedings in the MDL (though, as noted above, that schedule need not affect the briefing schedule that the Court has already entered regarding TaskUs's motion to dismiss in *Estrada*).

Respectfully submitted,

/s/ Alan Schoenfeld
Alan Schoenfeld

---

The contents of this letter will be discussed at the status conference scheduled for September 9, 2025 at 11:30am in Courtroom 619 at the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York 10007. The attorneys in *Estrada v. TaskUs, Inc.*, 1:25-cv-4409 are hereby directed file their responses to this letter by September 2, 2025 and to attend the status conference scheduled for September 9, 2025. The Clerk of the Court is directed to also file this memo endorsement in the docket for 25-cv-4409.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: August 26, 2025
New York, New York