# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE: COINBASE CUSTOMER DATA
SECURITY BREACH LITIGATION

Case No. 1:25-md-03153

THIS DOCUMENT RELATES TO ALL CASES

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)

# **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................1

II.     BACKGROUND .........................................................................................................2

III.    LEGAL STANDARD...................................................................................................4

IV.     MAJORITY PLAINTIFFS' LEADERSHIP STRUCTURE.........................................5

     A. Co-Lead Counsel ...................................................................................................5

     B. Liaison Counsel .....................................................................................................6

     C. Plaintiffs' Executive Committee............................................................................6

     D. Vendor Defendants and the Hub-and-Spoke Structure..........................................7

     E. Experience, Diversity, and Efficiency Commitments............................................8

V.      MAJORITY PLAINTIFFS' LEADERSHIP EXPERIENCE ........................................9

     A. Proposed Interim Co-Lead Counsel......................................................................9

          1.   Joseph P. Guglielmo, Scott+Scott Attorneys at Law LLP.............................9

          2.   Melissa R. Emert, Kantrowitz, Goldhamer & Graifman P.C. .......................10

          3.   M. Anderson Berry, Clayeo C. Arnold, A Professional Corporation .............13

     B. Proposed Liaison Counsel.....................................................................................14

          1.   Isreal David, Isreal David LLC.....................................................................14

     C. Proposed Executive Committee.............................................................................16

          1.   Sabita J. Soneji, Tycko & Zavareei LLP ......................................................16

          2.   Amber L. Schubert, Schubert Jonckheer & Kolbe LLP ................................18

          3.   John J. Nelson, Milberg Coleman Bryson Phillips Gorssman, PLLC.............19

          4.   Kenneth J. Grunfeld, Kopelowitz Ostrow, P.C................................................21

VI.     OPPOSITION TO MAJORITY PLAINTIFFS' PROPOSED LEADERSHIP ...........22

VII.    CONCLUSION..........................................................................................................24

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Buonasera v. Honest Co., Inc.*,
318 F.R.D. 17 (S.D.N.Y. 2016) ................................................................5

*In re Aluminum Phosphide Antitrust Litig.*,
1994 WL 481847 (D. Kan. May 17, 1994) ...............................................3

*In re MOVEit Customer Data Security Breach Litigation*,
MDL No. 3083 (D. Mass.2023) ...............................................................7

*In re Snowflake Inc. Customer Data Security Breach Litigation*,
MDL No. 3126 (D. Mont. 2024) ..............................................................7

*Potzner v. Tommie Copper Inc.*,
2016 WL 304746 (S.D.N.Y. Jan. 4, 2016) ..............................................5

### OTHER AUTHORITIES

Federal Rules of Civil Procedure Rule 23(g)(3) ................................................. *passim*

## I.    INTRODUCTION

Pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, Plaintiffs[1] from 11 of the 21 related actions, hereby respectfully move this Court for an order appointing the following attorneys as Interim Class Counsel.  Specifically, movants seek the appointment of the following attorneys (together, the "Majority Plaintiffs Team") to serve on behalf of the putative class:

Interim Co-Lead Counsel

- Joseph P. Guglielmo of Scott+Scott Attorneys at Law LLP

- Melissa R. Emert of Kantrowitz, Goldhamer & Graifman P.C.

- M. Anderson Berry of Clayeo C. Arnold A Professional Corporation

Liaison Counsel

- Israel David of Israel David LLC

Plaintiffs' Executive Committee

- Sabita J. Soneji of Tycko & Zavareei LLP

- Amber L. Schubert of Schubert Jonckheer & Kolbe LLP

- John J. Nelson of Milberg Coleman Bryson Phillips Grossman, PLLC

- Kenneth J. Grunfeld of Kopelowitz Ostrow P.C.

Appointment of interim counsel is necessary to ensure the efficient and effective representation of the proposed class, including drafting a consolidated class action complaint,

---

[1]    This Application has the support of the following cases and their respective Counsel: *Belian v. Coinbase Global, Inc. et al*, No. 3:25-cv-04171, *Panthaki et al v. Coinbase Global, Inc. et al*, No. 1:25-cv-04094, *Eisenberg v. Coinbase Global, Inc. et al*, No. 2:25-cv-04460, *McAfee v. Coinbase, Inc. et al*, No. 1:25-cv-04137, *Quito v. Coinbase Global, Inc. et al*, No. 2:25-cv-00940, *Scheuber v. Coinbase, Inc. et al*, No. 1:25-cv-04151, *Bender v. Coinbase Global, Inc.*, No. 1:25-cv-04148, *Edlin v. Coinbase Global, Inc. et al*, No. 8:25-cv-01135, *Carmassi v. Coinbase Global Inc.*, No. 4:25-cv-04838, *Ramo v. Coinbase Global Inc. et al*, No. 1:25-cv-04811, *Sullivan v. Coinbase*, Inc. et al, No. 1:25-cv-06567, *Gonzalez v. Coinbase Global, Inc.*, No. 3:25-cv-04689, *Grove v. Coinbase Global, Inc. et al*, No. 1:25-cv-05338, *McAfee v. Coinbase, Inc. et al*, Case No. 1:25-cv-04137, *Neu et al v. Coinbase Global, Inc. et al*, No. 3:25-cv-04243, *Ortiz v. Coinbase, Inc.*, No. 4:25-cv-04235, and *Rahman v. Coinbase, Inc. et al*, No. 1:25-cv-04577.

coordinating discovery, motion practice, potential settlement discussions, and overseeing the entirety of this matter through resolution. The Majority Plaintiffs Team possesses extensive experience litigating complex class actions, particularly in the area of consumer protection, data privacy, and data breach matters. Each of these attorneys have demonstrated the resources and commitment necessary to vigorously protect the interests of the proposed class. As set forth more fully below, the Majority Plaintiffs Team satisfy all the criteria set forth under Rule 23, and their appointment will promote the fair, efficient, and organized prosecution of this litigation.

The Majority Plaintiffs Team therefore submits a proposed order setting forth the responsibilities of the attorneys appointed to leadership as **Exhibit 1**. If appointed, the Majority Plaintiffs Team requests that the Court enter a case management order setting forth a timekeeping and reporting protocol materially in the form attached as **Exhibit 2**.

## II.    BACKGROUND

This case involves Defendants' reckless disregard for the security of the private and personally identifiable information (collectively, the "PII") of its customer base that was exfiltrated and compromised by cybercriminals. In May 2025, Coinbase Global, Inc. and Coinbase, Inc. (together, "Defendants" or "Coinbase"), the largest U.S.-based cryptocurrency exchange, disclosed a significant cybersecurity incident that compromised the PII of over 60,000 customers (the "Data Breach"). The Data Breach, which began on December 26, 2024, but was not first detected or disclosed until approximately May 11, 2025, involved cybercriminals who gained access and exfiltrated sensitive customer data. The compromised PII included users' names, addresses, phones, and emails, masked Social Security numbers, masked bank-account numbers and some bank account identifiers, Government-ID images (*e.g.* driver's license, passport), account data (balance snapshots and transaction history), and limited corporate data (including documents, training material, and communications available to support agents).

The breach came to light when Coinbase received an unsolicited email from an unknown threat actor on May 11, 2025, demanding a $20 million ransom to withhold the stolen data from public release and to cease further social engineering attacks.  Coinbase reported the incident to law enforcement shortly thereafter, publicly disclosed the breach via a blog post on May 14, 2025, and filed a Form 8-K with the U.S. Securities and Exchange Commission on that same day.  The breach was a result of an insider threat orchestrated through social engineering and bribery of contractors (TaskUs), demonstrating significant weaknesses in Coinbase's vendor management, access control protocols, and network security.  Reports indicate that Coinbase was aware of unauthorized data access by its contractors as early as January 2025, but the full scope of the breach was not realized until the ransom demand in May.

The Majority Plaintiffs Team's work, proven expertise, knowledge, resources, and successful record litigating data breach cases demonstrate that they are qualified to represent the putative class's interests under the factors of Rule 23(g).  The Manual for Complex Litigation encourages a "private ordering" approach, wherein counsel jointly agree on a leadership structure and present their recommendation for appointment to the court.  *See* Manual for Complex Litigation, (Fourth) §21.272 ("By far the most common [method for selecting class counsel] is the so-called 'private ordering' approach: The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests."); *see also In re Aluminum Phosphide Antitrust Litig.*, 1994 WL 481847, at *5, *7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel.").

The Majority Plaintiffs Team is the product of a private ordering process among independent firms that did not all file the same complaint but united in the interest of assembling a leadership team best suited to represent the class.  The group is committed to litigating this matter

zealously, cooperatively, and efficiently. Appointment of these firms is fully consistent with the guidance set forth by this Court as well as *The Manual for Complex Litigation*, (Fourth) §14.211. The Majority Plaintiffs Team also reflects the geographic diversity, experience, and professional background encouraged by the *Duke Law Center for Judicial Studies' Standards and Best Practices for Large and Mass-Tort MDLs*. The proposed leadership structure has been thoughtfully developed to address the demands of this complex litigation, accounting for the number of affected individuals, the number of filed cases, and the legal and factual issues stemming from the Data Breach. The Majority Plaintiffs Team is designed to promote efficient case management while prioritizing the best interests of the Class. By fostering collaboration among the nation's foremost data breach litigation firms, this structure ensures a unified approach focused on securing an optimal outcome for the Class, thereby avoiding the burden on judicial resources that would arise from disputes over lead counsel appointment.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 23 permits the appointment of interim class counsel "to act on behalf of a putative class" where the action has not yet been certified as a class action. *See* Fed. R. Civ. P. 23(g)(3). Federal Rule 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *Id*.

When appointing class counsel, a court must consider the following factors:

(i)     the work counsel has done in identifying or investigating potential claims in the action;

(ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)   counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  *See also Potzner v. Tommie Copper Inc.*, 2016 WL 304746, at *1
(S.D.N.Y. Jan. 4, 2016); *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016).

Appointing the Majority Plaintiffs Team as Interim Co-Lead Counsel to represent Plaintiffs
and the putative class will ensure "efficiency and economy without jeopardizing fairness to the
parties" in this litigation.  Manual §10.221.  The Majority Plaintiffs Team is best suited to be
appointed Interim Lead Counsel based on the work they have done investigating potential claims,
their extensive experience in handling similar complex data breach and consumer class actions,
their knowledge of the applicable law, and the resources they will commit to representing the
Class.

## IV.    MAJORITY PLAINTIFFS' LEADERSHIP STRUCTURE

The Majority Plaintiffs Team proposes an organized leadership structure of three co-lead
counsel, one liaison counsel, and a four-member Plaintiffs' Executive Committee.  A detailed
outline of this proposed leadership framework is also set forth in **Exhibit A** (Proposed Structure
for Plaintiffs' Leadership), which describes the roles of Co-Lead Counsel, Liaison Counsel, the
Plaintiffs' Executive Committee, and internal subcommittees.  Each proposed member is a
nationally recognized attorney with extensive experience in privacy law, data breach litigation,
and complex class actions and all have multiple significant leadership appointments in MDL
actions.  Roles and responsibilities will be clearly delineated to prevent duplication of effort,
promote cost-efficiency, and ensure effective case management.

### A. Co-Lead Counsel

Co-Lead Counsel will be responsible for directing all aspects of the litigation.  They will
oversee pretrial proceedings and manage litigation strategy, represent plaintiffs before the Court
and in negotiations with defendants, and coordinate and supervise all aspects of discovery.  Co-

Lead Counsel will any lead settlement discussions, delegate assignments, consult and retain experts, evaluate the performance of non-leadership counsel, and enter into stipulations with opposing counsel when appropriate.  They will maintain communication and coordination among all plaintiffs' counsel, provide regular status reports, maintain time and expense records, set compensation guidelines, monitor litigation costs, and propose additional committees or counsel if needed.  This unified approach is designed to promote transparency, accountability, and efficiency throughout the litigation.

### B. Liaison Counsel

Liaison Counsel will serve as the primary intermediary between the plaintiffs and the Court, as well as with defense counsel.  This role includes maintaining and distributing an up-to-date service list, circulating court orders and key communications, and managing a central document depository. Liaison Counsel will assist Co-Lead Counsel and the Executive Committee in scheduling, managing discovery, preparing for hearings, and tracking litigation-related expenses.  Liaison Counsel may also be called upon to perform additional tasks as directed by the Court and Co-Lead Counsel.

### C. Plaintiffs' Executive Committee

The Plaintiffs' Executive Committee ("PEC") will support Co-Lead Counsel in all key aspects of the litigation.  Members will assist in discovery, expert witness preparation, and drafting of pleadings, motions, and other substantive filings.  The PEC will also address specific issues by leveraging the unique expertise of its members, coordinating with other groups or committees as needed, and helping ensure that responsibilities are efficiently allocated and the plaintiffs' interests are consistently advanced.  Committee membership is based on each attorney's experience, skillset, and availability to contribute meaningfully to the litigation.  All PEC members will work

in close consultation with Co-Lead and Liaison Counsel to support strategic decision-making to ensure a just resolution of this matter.

### D. Vendor Defendants and the Hub-and-Spoke Structure

Majority Plaintiffs anticipate that TaskUs and other vendor defendants will be named in the CAC and will play an important role in this litigation. Because all plaintiffs asserting claims against Coinbase are also affected by the actions of these vendors, those claims must be prosecuted in a coordinated and unified manner. To ensure this, Interim Co-Lead Counsel will appoint a chair of a Vendor Defendants Subcommittee within the PEC, charged with overseeing claims against TaskUs and any other vendors identified through investigation or discovery. The subcommittee will coordinate closely with Co-Lead Counsel and other committees to ensure vendor-related claims proceed on the same track as the case against Coinbase, maintaining consistency and avoiding duplication.

This approach reflects the familiar "hub-and-spoke" model applied in other data breach MDLs. In *In re: MOVEit Customer Data Security Breach Litigation,* MDL No. 3083 (D. Mass.2023) (ECF No. 649) ("*MOVEit*"), the court appointed a unified plaintiffs' leadership (lead, liaison, coordinating counsel) and authorized subcommittees (*e.g.*, vetting, discovery) with clear responsibilities; in *In re: Snowflake Inc. Customer Data Security Breach Litigation,* MDL No. 3126 (D. Mont. 2024) (ECF No. 350) ("*Snowflake*"), the court adopted a co-lead structure with committees operating under centralized leadership.  Our proposal mirrors those frameworks, on a smaller scale, by placing vendor defendants under one leadership team with defined subcommittees.  This ensures that while Coinbase serves as the central "hub" of the litigation, vendor defendants like TaskUs are treated as "spokes" within the same unified strategy.  Members of the Majority Plaintiffs' slate have significant experience managing hub-and-spoke cases and are therefore well equipped to handle this efficiently.

7

### E. Experience, Diversity, and Efficiency Commitments

The proposed leadership team has collectively led some of the largest and most complex cases involving unauthorized data disclosures, consumer privacy violations, cybersecurity failures, and nationwide consumer class actions. The Majority Plaintiffs Team recommends this leadership structure to ensure the just, speedy, and cost-effective resolution of this litigation. With a clear division of responsibilities, experienced counsel, and a coordinated strategy, the proposed team is prepared to lead this matter effectively and in the best interests of the Class.

In addition, the proposed leadership team reflects the diversity that courts have increasingly recognized as important in multidistrict and class action litigation. The Majority Plaintiffs' Team brings a range of perspectives, backgrounds, and professional experiences from attorneys across different regions and firms of varying sizes. This breadth of experience and outlook will enhance strategic decision-making, strengthen representation of a broad putative class, and ensure that leadership is both highly qualified and broadly representative.

The Majority Plaintiffs Team is also fully committed to ensuring efficiency, transparency, and accountability in managing this litigation. Counsel will maintain detailed and contemporaneous time and expense records, overseen by a designated timekeeper to ensure compliance with Court requirements. The leadership team will assign responsibilities based on expertise, ensure that there is no duplication of effort, and implement internal subcommittees to focus on briefing, discovery, experts, settlement, and trial preparation. These measures will ensure that the litigation proceeds in a cost-effective and organized manner, consistent with the Court's guidance. A proposed Time and Expense Protocol governing recordkeeping, reporting, and Court compliance is attached as **Exhibit 2**.

## V.    MAJORITY PLAINTIFFS' LEADERSHIP EXPERIENCE

### A.    Proposed Interim Co-Lead Counsel

#### 1.    Joseph P. Guglielmo, Scott+Scott Attorneys at Law LLP[2]

Joseph P. Guglielmo, a partner in Scott+Scott Attorneys at Law LLP ("Scott+Scott") New York office, is the Chair of the Firm's Consumer Practice Group and has been at the forefront in litigating and securing some of the most significant consumer protection settlements for 30 years. Scott+Scott is a nationally recognized class action law firm with over 100 attorneys located throughout the United States as well as in Europe.

Mr. Guglielmo has done significant work in this litigation, including factual and legal investigation into the claims, communicating with clients, drafting and editing pleadings, and communicating and coordinating with other Plaintiffs' counsel and Defense counsel.  Notably, he was among those who moved the JPML to consolidate these cases and his associate, Ethan Binder[3], successfully argued at the MDL Panel for centralization in the Southern District of New York.  His actions to date demonstrate his commitment to work cooperatively and professionally and make him exceptionally well-suited to serve as Co-Lead Counsel.

Mr. Guglielmo has previously been appointed to leadership positions in numerous MDL data breach actions, including: *In re Equifax, Inc. Customer Data Security Breach Litigation*, No. 1:17-md-02800 (N.D. Ga.) (co-lead counsel, $32.5 million settlement); *In re The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583 (N.D. Ga.) (co-lead counsel, $27.25 million settlement); *First Choice Fed. Credit Union v. The Wendy's Co.*, No. 2:16-cv-00506, (W.D. Pa.) (co-lead counsel, $50 million settlement); *Baker v. ParkMobile,*

---

[2]    Scott+Scott's Firm Resume is included as **Exhibit B**.

[3]    One of the Scott+Scott attorneys who will be extensively involved in this case is Mr. Ethan Binder, an associate who has significant experience in data breach litigation, has been involved in this litigation from its inception, attended the MDL Panel, and will assist Mr. Guglielmo with the duties assigned to co-lead counsel.

*LLC*, No. 1:21-cv-02182 (N.D. Ga.) (steering committee, $32.8 settlement) and *In re Target Corp. Customer Data Security Breach Litigation*, No. 0:14-md-02522 (D. Minn.) (steering committee, $59 million settlement).

Mr. Guglielmo is currently serving in leadership positions in the following data breach and privacy actions: *In re: Consumer Vehicle Driving Data Tracking Collection*, No. 1:24-MD-3115-TWT (N.D. Ga.) (co-lead counsel); *Gerber v. Twitter, Inc.,* No. 23-cv-00186 (N.D. Cal.) (co-lead counsel; class action on behalf of consumers arising out of data breach of approximately 200 million Twitter users); *In re AT&T Inc. Customer Data Security Breach Litigation*, MDL No. 3:24-md-031140E (N.D. Tex.) (steering committee, $149 million settlement); and *In re MOVEit Customer Data Security Breach Litigation*, MDL No. 1:23-md-0383-ADB (D. Mass.) (steering committee). Mr. Guglielmo also has significant litigation experience in this District, including in *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-7789 (S.D.N.Y.) ($2.3 billion settlement) and *Arkansas Federal Credit Union v. Hudson's Bay Co.,* No. 1:19-cv-4492 (S.D.N.Y.). Mr. Guglielmo intends to bring his demonstrated litigation knowledge, experience and integrity to this litigation to obtain the best result for this class.

### 2.    Melissa R. Emert, Kantrowitz, Goldhamer & Graifman P.C.

Ms. Emert, a partner at KGG and co-chair of KGG's consumer class action practice, has been representing aggrieved consumers and investors for more than 30 years. Ms. Emert's practice specializes in consumer class actions with an emphasis on data breach, privacy and product defect cases. She has litigated consumer cases throughout the United States and holds prominent positions in many large MDLs and non-MDL consumer class actions. As an endorsement of her expertise, substantial experience and successful results, Ms. Emert has been recognized among the

nation's most frequently appointed women attorneys to leadership roles in nationwide MDLs.[4] Ms. Emert is currently prosecuting numerous data breach/privacy class actions as either co-lead or an executive committee member, including the following: *In Re: Jani-King International, Inc. Data Breach Litigation*, 3:25-cv-01057 (N.D. TX 2025) (Court appointed Co-Lead counsel); *Ronald J. Panozzi v. Deloitte Consulting LLP*, 1:24-cv-00524 (D. RI 2025) (Court appointed Executive Committee Member); *Morales v. Conifer Revenue Cycle Solutions, LLC*, 2:23-cv-01987 (C.D. Ca. 2024) (Court appointed Co-Lead Counsel); *In Re: Shields Healthcare Group, Inc. Data Breach Litigation*, 1:22-cv-10901 (D. Mass. 2022) (Court appointed Executive Committee Member); *In re: Illuminate Education Data Security Incident Litigation,* 8:22-cv-1164 (C.D. Cal. 2022) (Court appointed Co-Lead Counsel); *In Re: Blackbaud, Inc., Customer Data Breach Litigation*, 3:20-mn-02972 (D.S.C. February 16, 2021) (Court appointed Steering Committee Member); *Tate, et al., v. EyeMed Vision Care, LLC*, 1:21-cv-36 (S.D.OH March 22, 2021) (Court appointed Executive Committee Member); *In re: Google Location History Litigation*, 5:18-cv-05062-EJD (N.D. Cal. 2019) (Court appointed Interim Class Counsel).

Ms. Emert has also had leadership positions in the following data breach/privacy actions that have resulted in class wide settlements: *Salinas, et al. v. Block, Inc.*, et al., 3:22-cv-04823 (N.D. Cal. 2023) (Court appointed Co-Lead counsel); *Cercas et al., v. Ambry Genetics Corp*., 8:20-cv-00791 (C.D. Cal. 2020) (Court appointed Executive Committee Member); *In re Morgan Stanley Data Sec. Litigation*, 1:20-cv-05914   (S.D.N.Y. 2020) (Court appointed Executive Committee); *In re Wawa, Inc. Data Breach Litigation*, No. 19-cv-6019 (E.D. Pa. 2019) (Co-Chair of Plaintiff's Vetting Committee); *Echavarria, et al. v. Facebook, Inc*., 18-cv-05982 (N.D. Cal.

---

[4]    Amanda Bronstead *There Are New Faces Leading MDLs. And They Aren't All Men."* LAW.COM, July 6, 2020. https://www.law.com/2020/07/06/there-are-new-faces-leading-mdls-and-they-arent-all-men/

2018) (Class Representative Communications and Client Vetting Committee); *In Re: Sonic Corp. Customer Data Sec. Breach Litigation*, 1:17-md-02807 (N.D. Ohio 2017) (Plaintiff's Steering Committee).

Adding to her experience and expertise in litigating complex matters, Ms. Emert has also been appointed co-lead and other court appointed positions in large, complex MDL and non-MDL class actions that have required the same focus and depth of litigation that the present action will require. See, *e.g.*, *Carder v. Graco Children's Prods., Inc. et al.*, 2:20-cv-137-LMM (N.D. Ga.) (Co-Lead Counsel); *In re: Daily Fantasy Sports Litigation*, 1:16-md-02677-GAO (D. Mass) (Co-Lead Counsel); *In re: Hill's Pet Nutrition, Inc. Dog Food Prods. Liab. Litigation*, 19-md-2887 (D. Kan.) (Plaintiffs' Executive Committee); *In re: Intel Corp. CPU Mktg. & Prods. Liab. Litigation*, 3:18-md-02828 (D. Or.) (Plaintiffs' Steering Committee); *In re: Apple Performance*, 5:18-md-02827 (N.D. Cal.)  (Plaintiffs' Executive Committee); *In re: German Auto. Mfrs. Antitrust Litigation*, 3:17-md-02796 (N.D. Cal.) (Plaintiffs' Executive Committee).

Ms. Emert's firm, KGG, is a leading New York class action firm in the area of consumer class action litigation, as well as shareholder litigation.  The firm has successfully litigated numerous class action consumer cases throughout the nation.  KGG has the resources necessary to finance a case of this magnitude.  Ms. Emert and KGG understand what is required to undertake a litigation of this size and will commit the resources necessary to achieve a favorable result for the class and any subclasses certified.  As demonstrated by its firm résumé, for decades, KGG's attorneys successfully managed complex, resource-intensive cases, with the firm routinely advancing the costs of litigation and dedicating substantial resources to vigorously prosecute the claims of proposed class members.  *See* Kantrowitz, Goldhamer & Graifman, P.C. Firm Resume, attached as **Exhibit C**.

### 3.    M. Anderson Berry, Clayeo C. Arnold, A Professional Corporation

Mr. Berry is the head of the Complex Litigation Department at the Clayeo C. Arnold, APC, with an extensive background in privacy and consumer/government fraud litigation, actively participating in a currently sealed False Claims Act case involving widespread cybersecurity fraud upon the United States. Before joining Clayeo C. Arnold, APC in 2017, Mr. Berry worked as an Assistant United States Attorney for the Eastern District of California. As part of the Affirmative Civil Enforcement unit, Mr. Berry handled a wide variety of complex cases, recovering millions of dollars for the United States. While working as an Assistant United States Attorney, Mr. Berry worked with diverse Federal and State agencies, including the Federal Bureau of Investigation and the California Attorney General's office. Before working for the Department of Justice, Mr. Berry practiced at Jones Day, one of the world's largest law firms, where he represented clients in international arbitration and complex commercial litigation, including defending against class action allegations.

Mr. Berry has handled more than one hundred class action cases across the country involving data breaches and other privacy matters, including the following active matters where he has a leadership position: *In re Laboratory Services Cooperative Data Breach Litigation,* Case No. 2:25-cv-00685-BJR (W.D. Wash.) (Plaintiffs' Steering Committee); *Swan v. North American Breaker Company, LLC,* Case No. 2:25-cv-02002-HDV-KES (C.D. Cal.) (co-lead counsel); *Margul v. Evolve Bank & trust,* Case No. 1:24-cv-03259-DDD (D. Co.) (co-lead counsel); *Pace v. Omni Family Health*, Case No. 1:24-cv-01277-JLT (E.D. Cal.) (co-lead counsel); *In re Avis Rent A Car System, LLC Security Incident Litigation,* Case No. 2:24-cv-09243-JXN (D. N.J.) (co-lead counsel); *Kersey v. Therapeutic Health Services*, Case No. 24-2-17679-9 (Wash. Super., King Cty) (lead counsel); *Cordell v. Patelco Credit Union*, Case No. 24CV082095 (Sup. Crt. Of CA, Alameda) (co-lead counsel); *In re: Panera Data Security Litigation*, Case No. 4:24-cv-847-HEA

(E.D. Mo.) (co-lead counsel); *Holmes v. Elephant Insurance Company, et al.,* No. 3:22-cv-00487-JAG (E.D.VA.) (Co-Lead Counsel); *Burgin et al. v. Housing Authority of the City of Los Angeles*, No. 23STCV06494 (Super. Ct. of CA, Los Angeles) (Co-Lead Counsel); *In re: Signature Performance Data Breach Litigation*, No. 8:24-cv-00230-BBCB-MDN (D. Neb.)(Co-Lead Counsel); *In re: Prospect Medical Holdings, Inc. Data Breach*, No. 2:23-cv-03216-WB (E.D. Pa.) (Co-Lead Counsel); *In Re: Eureka Casino Breach Litigation*, No. 2:23-cv-00276-CDS-DJA (D. Nev.) (Co-Lead Counsel); *In re: Sequoia Benefits and Insurance Data Breach Litigation,* No. 3:22-cv-08217-RFL (N.D. Cal.) (Executive Comm.); *Smith v. Apria Healthcare, LLC*, No. 1:23-cv-01003-JPH-KMB (S.D. Ind.) (Executive Comm.); *In Re: Proliance Surgeons Data Breach Litigation*, No. 23-2-23579-7 SEA (Wash Super., King) (Executive Comm.); *Hulse v. Acadian Ambulance Service, Inc.*, Case No. 6:24-cv-01011-DCJ (W.D. La.) (Executive Comm.); *In re Lakeview Loan Servicing Data Breach Litigation,* Case No. 1:22-cv-20955-DPG (S.D. Fla.) (Executive Comm.); *In re Landmark Admin LLC Data Incident Litigation*, Case No. 6:24-cv-082-H (N.D. Tx.) (Executive Comm.); *Garcia v. Set Forth, Inc.*, Case No. 24-CV-11688 (N.D. Ill.) (Executive Comm.); *In Re Powerschool Holdings, Inc. and Powerschool Group, LLC Customer Security Breach Litigation,* Case No. 25-md-3149-BEN-MSB (S.D. Cal.) (Executive Comm.). *See* Arnold Law Firm firm resume, attached as **Exhibit D**.

    **B.**    **Proposed Liaison Counsel**

        **1.**    **Israel David, Israel David LLC**

Israel David LLC is a diverse and growing litigation boutique formed in 2022 by Israel David. Immediately prior to forming the firm, Mr. David spent 26 years in the Litigation Department of the elite international law firm Fried, Frank, Harris, Shriver & Jacobson LLP, including 17 years as a prominent partner at that firm. Mr. David has earned a national reputation for successfully leading and co-leading the representation of prominent defendants in some of the

most high-profile securities and shareholder class action lawsuits nationwide in the last quarter-century. Among numerous other class action lawsuits, these include:

- Leading the representation of the President of Lehman Brothers in numerous lawsuits nationwide – including the consolidated class action securities litigation in the Southern District of New York – arising out of the collapse of Lehman Brothers, likely the largest corporate financial collapse in U.S. history.

- Co-leading the representation of Wells Fargo & Company, its predecessor Wachovia Corporation, and Wachovia's senior-most officers and directors in the consolidated class action securities litigation in the Southern District of New York arising out of the financial collapse of Wachovia. The lawsuit (with alleged losses of approximately $109 billion) is one of the largest class action securities fraud lawsuits in U.S. history to have obtained a complete dismissal.

- Co-leading the representation of all the underwriters of the General Motors Company 2010 IPO – the then-largest IPO in U.S. history – in a class action securities litigation in the Southern District of New York.

- Co-leading the representation of eight globally leading banks in a class action securities litigation in the Southern District of New York involving the issuance of approximately $26 billion of Residential Mortgage-Backed Securities.

More recently, federal courts from California to New York have appointed Mr. David to leadership positions in high-profile data privacy and antitrust class action lawsuits, including:

- In January 2023, the Honorable Judge Ann M. Donnelly of the Eastern District of New York appointed Israel David as Interim Co-Lead Class Counsel in the high-profile antitrust class action lawsuit challenging the so-called Northeast Alliance entered into by American Airlines and JetBlue Airlines. *In re American Airlines/JetBlue Antitrust Litigation* (22-cv-07374-AMD-TAM).

- In July 2023, the Honorable Judge Kandis A. Westmore of the Northern District of California appointed Israel David as Interim Co-Lead Class Counsel in a data privacy class action lawsuit involving a data breach that compromised the private data of over 200 million Twitter users. *Gerber v. Twitter, Inc.* (23-cv-00186-KAW).

- In July 2023, the Honorable Judge Katherine Polk Failla of the Southern District of New York appointed Israel David as Interim Lead Class Counsel in a data privacy class action lawsuit involving a data security incident

15

at The Metropolitan Opera in New York City. *Tuteur v. Metropolitan Opera Association, Inc.* (23-cv-03997-GS).

- In March 2024, the Honorable Judge Rebecca R. Pallmeyer of the Northern District of Illinois appointed Israel David to the Plaintiffs' Steering Committee in a data privacy class action lawsuit arising out of allegations that TikTok illicitly spied on users of the TikTok app whilst using the app's in-app web browser. *In re TikTok Consumer Privacy Litigation* (Case No. MDL 2948-A).

- In June 2024, the Honorable Judge Rachel P. Kovner of the Eastern District of New York appointed Israel David as Liaison Counsel in a multidistrict class action lawsuit involving a data breach that compromised private health information of 13 million victims. *In re Perry Johnson & Associates Medical Transcription Data Security Breach Litigation* (Case No. 1:24-md-3096-RPK-LGD).

Other Israel David LLC attorneys add a wealth of experience and diversity to the team, including a former partner at Ropes & Gray LLP, a former Counsel at Ropes & Gray LLP, a former Special Counsel at Weil, Gotshal & Manges LLP, a former Assistant District Attorney with the Manhattan District Attorney's Office, and former judicial clerks with the United States Court of Appeals for the Second Circuit and Sixth Circuit, respectively, among other litigation attorneys. Israel David LLC's firm resume is attached as **Exhibit E**.

### C.    Proposed Executive Committee

#### 1.    Sabita J. Soneji, Tycko & Zavareei LLP

Ms. Soneji is a senior partner at the California office of Tycko & Zavareei LLP. Chair of the firm's Privacy and Data Breach Group, Ms. Soneji is recognized as one of the most respected data privacy attorneys in the United States; she was awarded the California Legal Award for Distinguished Leaders (2024), selected as one of Lawdragon's 500 Leading Consumer Lawyers in America for her accomplishments in privacy litigation (2025), nominated for the National Law Journal's Elite Trial Lawyer's Award in Data Privacy (2025), and recently elected to American Law Institute (ALI). Ms. Soneji has successfully led and resolved numerous class actions and multidistrict litigation, including *In re T-Mobile Customer Data Security Breach Litigation* (No.

16

4:21-MD-03019-BCW, W.D. Mo.), one of the largest data breach cases in history, securing a $500 million settlement, including a $350 million cash fund, finalized in June 2023.  In February 2024, as co-lead counsel, she achieved final approval of a $37.5 million settlement in *Lundy v. Meta Platforms, Inc.* (No. 3:18-cv-6793, N.D. Cal.) for unauthorized location tracking.  Because of her talent, dedication, and commitment to efficiency, Ms. Soneji has been appointed to help lead MDL and other consolidated actions on behalf of consumers hurt by corporate collection, exploitation, and failure to protect sensitive and private data.  One example is her appointment as Track co-lead counsel in *In re: Consumer Vehicle Driving Data Tracking Collection*, No. 1:24-MD-3115-TWT (N.D. Ga.), an MDL consolidating claims against General Motors and credit reporting agencies for surreptitious collection, sale, and sharing of GM consumers' driving and personally identifying data, often resulting in increased insurance rates for those customers. Leading this case requires Ms. Soneji to deftly navigate arbitration clauses, jurisdictional challenges, and cutting-edge privacy claims, all on behalf of the consumers she represents.  Because of her exceptional track record in data privacy litigation, Ms. Soneji has been appointed to help lead high-profile data privacy cases across the country.[5]

As a first-generation Indian American, Ms. Soneji brings a unique and diverse perspective to leadership teams.  Her firm shares this commitment to diversity and was recognized with the 2022 Diversity Initiative Award by *The National Law Journal's Elite Trial Lawyers* program. Ms. Soneji's firm resume is attached as **Exhibit F.**

---

[5]    *See e.g., In re Samsung Customer Data Security Breach Litigation* (No. 1:23-md-03055-CPO, D.N.J.) – Chair of Law and Briefing; *In re HCA Healthcare, Inc. Data Security Litigation* (No. 3:23-CV-684, M.D. Tenn.) – Chair of Law and Briefing; *In re Harvard Pilgrim Data Security Incident* (No. 23-11211-NMG, D. Mass.) – Executive Committee (settlement reached in October 2024).

### 2.    Amber L. Schubert, Schubert Jonckheer & Kolbe LLP

Amber L. Schubert is a Partner at Schubert Jonckheer & Kolbe LLP, which has more than forty years of experience litigating complex class actions.  She chairs the firm's Consumer & Data Privacy Practice Group and serves on the Board of the American Association of Justice's Consumer Privacy & Data Breach Litigation Group.  *See* Schubert Jonckheer & Kolbe Firm Resume, attached as **Exhibit G.**

Ms. Schubert has extensive experience in data privacy class actions.  She currently serves as lead or co-lead counsel in six data privacy class actions.  Most recently, Ms. Schubert was appointed as Co-Lead Counsel in *In re Blue Shield of California Privacy Litigation*, No. 4:25-cv-03209-YGR (N.D. Cal.), a privacy class action stemming from the unauthorized disclosure of the protected health information of 4.7 million health insurance subscribers to Google.  Ms. Schubert serves as Lead Counsel in *Scott v. HMS*, No. 1:25-cv-00012 (N.D. W. Va.), a Medicare data breach affecting 254,000 class members, where she personally drafted the opposition to the motion to dismiss on Article III standing and eight California claims.  She is Interim Co-Lead Counsel in *Cordell v. Patelco Credit Union*, No. 24CV082095 (Cal. Super. Ct.), where she drafted the consolidated complaint and helped negotiate a $7.25 million settlement in a breach involving 1.1 million credit union members' financial data.  She serves as Co-Lead Counsel in two additional medical data breaches: *In re Community Clinic of Maui Data Breach Litigation*, No. 1:24-cv-00431 (D. Haw.), where she briefed and argued the remand motion, and *Hunt v. CAMC*, Case No. 2:25-cv-00113 (S.D.W.V.).  She is also Additional Class Counsel for Mercy Health in *In re: Perry Johnson & Associates Medical Transcription Data Security Breach Litigation*, No. 24-md-3096

(E.D.N.Y), an MDL involving 8.9 million patients.  There, she managed client vetting, helped draft the consolidated complaint for the Mercy Health track, and is preparing for mediation.[6]

Collectively, these cases reflect her ability to lead complex discovery, defeat dispositive motions, and deliver results for plaintiffs, demonstrating that Ms. Schubert is uniquely qualified to serve as a member of the PEC in this case.

### 3.    John J. Nelson, Milberg Coleman Bryson Phillips Grossman, PLLC

With respect to privacy cases, Milberg is presently litigating hundreds cases across the country involving tracking pixels, violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*., privacy violations, data breaches, and ransomware attacks.  Milberg attorneys have served as Lead Counsel, Co-Counsel, or Class Counsel on data breach and privacy litigations, including *In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Milberg was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers) and *In re Blackbaud, Inc. Consumer Data Security Breach*, Case No. 3:20-mn-02972 (D.S.C. 2020) (appointed co-lead counsel).

As a member of Milberg's data privacy team, Mr. Nelson has been appointed by state and federal courts as class counsel in data breach class actions, including: *In re Community Clinic of*

---

[6]    Ms. Schubert also serves on plaintiffs' executive committees in numerous data privacy class actions. She is a member of the PSC in *In Re: PowerSchool Holdings, Inc. and PowerSchool Group, LLC Customer Security Breach Litigation*, 25-md-3149-BEN-MSB (S.D. Cal.), a data breach MDL affecting 62.4 million students' and 9.5 million teachers' financial, health, and academic data, where she manages third-party discovery.  She played a critical role in *In re LastPass Data Security Incident Litigation*, No. 22-cv-12047 (D. Mass.), where, as Chair of the Third-Party Discovery Committee, she negotiated subpoenas with twenty non-parties and briefed four motions to quash in a breach of 33 million users.  In *Hasson v. Comcast Cable Comms LLC*, No. 23-cv-5039 (E.D. Pa.), she drafted oppositions to two motions to dismiss based on Article III standing and California privacy claims in a breach affecting 35.9 million subscribers.  In *In re Fortra File Trans. Software Data Sec. Breach Litigation*, No. 24-md-03090 (S.D. Fla.), she briefed the opposition to dismissal of twenty-one state law claims, most of which were upheld.  Ms. Schubert also serves as liaison counsel in *Doe v. GoodRx Holdings, Inc. et al.*, No. 3:23-cv-00501 (N.D. Cal.), a privacy class action against GoodRx, Meta, Google, and Criteo concerning the unauthorized use of 20 million consumers' private health records.

*Maui Data Breach Litigation,* No. 1:24-cv-00431 (D. HI) (appointed co-lead counsel); *In Re: SAG-AFTRA Health Plan Data Security Litigation*, No. 2:24-cv-10503 (C.D. Cal.) (appointed co-lead counsel); *Feathers v. On Q Financial LLC*, 2:24-cv-00811 (D. Ariz.) (appointed co-lead counsel); *Anderson v. Oak View Group, LLC*, No. 2:24- cv-00719 (C.D. Cal.) (appointed co-lead counsel); *Puller-Soto v. UNITE HERE*, No. 1:24-cv-01565 (S.D.N.Y.) (appointed co-lead counsel); *Kohn et al. v. Loren D. Stark Company, Inc.*, Case No. 4:23-cv-03035 (S.D. Tex.) (appointed co-lead counsel); *In Re: Houser Data Breach Litigation*, No. 8:24-cv-00468 (C.D. Cal.) (appointed co-lead counsel); *In Re: Ethos Technologies Inc. Data Breach Litigation*, No. 3:22-cv-09203-SK (N.D. Cal.) (appointed co-lead counsel); *In Re F21 Opco, LLC Data Breach Litigation*, Case No. 2:23-CV-07390 (C.D. Cal.) (appointed co-lead counsel); *Garges v. Liberty Partners Financial Services, LLC*, No. 22CV01190 (Cal. Sup. Ct. for Santa Cruz Cty.) (final approval granted February 10, 2024); *Khederlarian et al. v. Utility Trailer Manufacturing Co.*, No. 22STCV30604 (Cal. Sup. Ct. for Los Angeles Cty.) (final approval granted November 1, 2023); *Michael Wilson v. Maxim Healthcare Services, Inc.*, No. 37-2022-00046497-CU-MC-CTL (Cal. Super. Ct. for San Diego Cty.) (final approval granted July 28, 2023); *Franchi, et al. v. Barlow Respiratory Hospital*, No. 22STCV09016 (Cal. Sup. Ct. for Los Angeles Cty.) (final approval granted July 12, 2024); and *Bustos v. Riverside Medical Clinic*, No CVRI2203466 (Cal. Sup. Ct. for Riverside Cty.) (final approval granted August 23, 2024).

      Mr. Nelson has also been appointed to the Plaintiffs' Steering Committee in the recent 60-million-person data breach litigation captioned *In Re: Powerschool Holdings, Inc., and Powerschool Group, LLC Customer Data Security Breach Litigation*, Case No.: 25-md-3149-BEN-MSB.  He was also appointed to the Plaintiffs' Steering Committee in *Cheng et al v. Toyota Motor Corporation, et al* a nationwide class action involving defective fuel pumps which resulted in a 330-million-dollar nationwide settlement.  No. 1:20-CV-00629 (E.D.N.Y.) (final approval

granted December 21, 2022). Mr. Nelson was also appointed to the Executive Committee in *In re Seresto Flea and Tick Collar Marketing, Sales Practices and Product Liability Litigation*, MDL No. 3009, Master Docket Case No. 1:21-cv-04447 (N.D. Ill.).

Milberg Coleman Bryson Phillips Grossman PLLC's firm resume is attached hereto as **Exhibit H.**

### 4.    Kenneth J. Grunfeld, Kopelowitz Ostrow, P.C.

Mr. Grunfeld's practice focuses on representing consumers in class actions against pharmaceutical manufacturers, banks, credits card issuers, and other national corporate defendants. Recently, he has filed and litigated a number of class cases involving data breaches, cybersecurity incidents and privacy matters. He also represents injured people in products liability mass tort matters. His cases have resulted in the recovery of hundreds of millions of dollars for injured individuals. Mr. Grunfeld brings with him a wealth of pre-trial, trial, and appellate work experience in both state and federal courts.

Mr. Grunfeld and Kopelowitz Ostrow (KO) have significant experience in consumer class-action litigation and have held leadership positions in a number of high-profile cases, including in *In re Checking Acct. Overdraft Litigation*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks. In addition, KO is an experienced data breach counsel currently litigating over 200 cases nationwide. KO is currently counsel of record and part of the leadership structure in a number of pending data breach cases, including notable, large-scale cases:

- *In re HCA Healthcare Data Security Litigation*, No. 3:23-cv-00684 (M.D. Tenn.) (affecting 11 million individuals);

- *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.) (affecting 9 million individuals);

- *In re: Fortra File Transfer Software Data Sec. Breach Litigation*, No. 24-md-3090 (S.D. Fla.) (involving patient health information with 10 defendants and an intricate "hub-and-spoke" relationship); and

- *Skurauskis v. NationsBenefits, LLC*, No. 2:23-cv-60830 (SD. Fla.) (affecting over 3 million individuals).

KO has the necessary financial and technological resources to support this litigation and understand show to efficiently litigate complex cases while submitting technically precise filings with factually and legally supported arguments. Mr. Grunfeld has worked cohesively with the other proposed leadership counsel proposed here in other cases and is honored to support their applications in this case.  A sample of KO's achievements are included in **Exhibit I**.

## VI.    OPPOSITION TO MAJORITY PLAINTIFFS' PROPOSED LEADERSHIP

Majority Plaintiffs wish to briefly respond to a letter filed on September 10 by Carter Greenbaum of Greenbaum Olbrantz LLP, on behalf of Freedman Normand Friedland LLP and Ahdoot & Wolfson PC, objecting to the Majority Plaintiffs' Motion for Appointment of Lead Counsel before it was filed and announcing that a further objection will follow. *See* ECF No. 12. The letter speaks for itself, but several clarifications are necessary.

First, its reference to a "bloated" 16-firm slate is simply wrong and belied by what was provided to the Court. The structure proposed here consists of three co-leads, a single liaison counsel, and a four-person executive committee that is streamlined through private ordering, supported by the overwhelming majority of Plaintiffs' counsel who have filed cases and who appeared before the Court on September 9.  The proposed structure is designed to ensure efficiency through discrete assignments and subcommittees that prevent duplication. *See* **Exhibit A** (Proposed Structure for Plaintiffs' Leadership).  By contrast, Mr. Greenbaum and Joseph Delich of Freedman Normand Friedland LLP do not have MDL leadership experience (in data breach cases or otherwise) and although Freedman has appeared in the *Estrada* action they have not filed

a case in this MDL, and like Mr. Greenbaum, have not filed a case against Defendant Coinbase.[7] Ahdoot & Wolfson PC, though experienced, has not engaged with any of Majority Plaintiffs since their case was transferred.  In fact, contrary to the statements in the letter, Ms. Wolfson was contacted by Majority Plaintiffs and simply ignored outreach before our pre-conference letter, failed to appear at the September 9 hearing without notice, and has not attempted to coordinate or work with counsel in the filed cases since centralization. Their proposed slate is exactly what it appears to be – three firms who do not intend to be inclusive and who have no support from other filed cases.

Second, Majority Plaintiffs offered Mr. Greenbaum a leadership position with responsibility for vendor-related claims, including TaskUs.  In fact, Ms. Emert informed the Court that "Mr. Greenbaum can have an executive committee position, and he'll be in charge of the subcommittee for everything related to TaskUs and any other potential vendors that we may discover through…discovery." *See* Tr. 18:21-25.  The letter's suggestion otherwise is inaccurate, and correspondence can be submitted if necessary. As for TaskUs, Ms. Wolfson did not name it, and while Mr. Greenbaum did, it is the only additional defendant he identified.  Moreover, Mr. Greenbaum stated at the hearing that, "We think inclusion of Coinbase in our matter or inclusion of our case in the MDL would significantly prejudice our class." *See* Tr. 11:25-12:2. Unlike Mr. Greenbaum, Majority Plaintiffs advised the Court at the September 9 hearing that both TaskUs and Coinbase will be included in the consolidated amended complaint, that other vendors were involved in the breach, and that additional defendants may be added as discovery proceeds.

---

[7]    Indeed, while Mr. Carter now indicates that an amended complaint in *Estrada v. TaskUs* will be filed next week, coordinating actions against *both* Coinbase and TaskUs remains essential in *this* MDL—a point the Majority Plaintiffs promptly began addressing in preparing for the Consolidated Amended Complaint following the September 9 hearing.

Finally, the Majority Plaintiffs' proposed leadership slate is already functioning as a cohesive group. Immediately after the September 9 hearing, plaintiffs' counsel in attendance met to discuss the consolidated amended complaint and named plaintiff vetting. Since then, the firms comprising the Majority Plaintiffs' group have communicated extensively by calls and emails and developed a comprehensive plan that includes a time and expense protocol (attached as **Exhibit 2**), a vetting questionnaire, and a detailed vetting process. These steps confirm that the Majority Plaintiffs' Team is qualified, broadly supported, and prepared to advance this litigation efficiently and without duplication.

Majority Plaintiffs understand that while the Court set September 17 as the deadline for objections, it directed that the Majority Plaintiffs' leadership application be filed within two days following the September 9 hearing to permit all parties to respond in an orderly manner. Mr. Greenbaum's September 10 letter indicates an intent not only to object to the Majority Plaintiffs' leadership application but also to file an affirmative leadership application on the objection deadline. He did not, however, inform the Court at the September 9 hearing that he intended to file such an application. If the Greenbaum/Freedman/Wolfson group nevertheless withholds its application until September 17, thereby foreclosing a timely response by any other applicant, Majority Plaintiffs respectfully request that the Court extend the response deadline for that application until September 19. Majority Plaintiffs do not believe a further hearing is necessary and respectfully request that the Court rule on the papers to avoid delay. However, should the Court conclude after reviewing the submissions that a hearing would be useful, Majority Plaintiffs would of course be pleased to appear at a date convenient for the Court.

## VII.    CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court appoint the Majority Plaintiffs Team to serve as Interim Class Counsel. A more detailed description of the proposed

leadership structure, including the roles of Co-Lead Counsel, Liaison Counsel, the Plaintiffs'

Executive Committee, and internal subcommittees, is provided in **Exhibit A** (Proposed Structure

for Plaintiffs' Leadership), which is incorporated herein by reference.

DATED: September 11, 2025                 Respectfully submitted,


*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
(212) 223-6444
jguglielmo@scott-scott.com

Melissa R. Emert
**KANTROWITZ, GOLDHAMER &**
**GRAIFMAN, P.C.**
135 Chestnut Ridge Road
Suite 200
Montvale, NJ 07645
(201) 391-7000
memert@kgglaw.com

M Anderson Berry
**CLAYEO C. ARNOLD APLC**
12100 Wilshire Boulevard Suite 800
Los Angeles, CA 90025
(916) 239-4778
aberry@justice4you.com

*Proposed Interim Co-Lead Counsel*

Israel David
**ISRAEL DAVID LLC**
60 Broad Street, Suite 2900
New York, NY 10004
(212) 350-8850
israel.david@davidllc.com

*Proposed Liaison Counsel*

Sabita J. Soneji
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
(510) 254-6808
ssoneji@tzlegal.com

Amber L. Schubert
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union St, Suite 200
San Francisco, CA 94123
(415) 788-4220
aschubert@sjk.law

John J. Nelson (SBN 317598)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive
Beverly Hills, CA 90212
Telephone: (858) 209-6941
Email: jnelson@milberg.com

Ken Grunfeld
**KOPELOWITZ OSTROW P.A.**
1 West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
(954) 525-4100
grunfeld@kolawyers.com

*Proposed Plaintiffs' Executive Committee Members*

## <u>CERTIFICATION OF WORD COUNT</u>

I hereby certify that the word count of this Motion for Appointment of Interim Class Counsel complies with the word count limitations set forth in Local Civil Rule 7.1(c). According to the word-processing system used to prepare this document, the total number of words is 7,353 words.

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo