# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: COINBASE CUSTOMER DATA SECURITY BREACH LITIGATION <br><br> THIS DOCUMENT RELATES TO ALL CASES | Case No. 1:25-md-03153 |

**[PROPOSED] ORDER GRANTING MAJORITY PLAINTIFFS'
MOTION TO APPOINT INTERIM CLASS COUNSEL**

This matter comes before the Court on Plaintiffs Plaintiffs Paul Bender, Gerard Belian, Giovanni Carmassi, Alexander Crous, Michael Eisenberg, Matthew Edlin, Zaal Panthanki, Anthony Quito, John Ramo, Aaron Rahman, Timothy Sheuber, and Rachel Sullivan ("Plaintiffs") Motion to Appoint Interim Class Counsel ("Motion"), filed pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. The Court, having reviewed Plaintiffs' Memorandum of Law and the record, and for good cause shown, hereby **GRANTS** the Motion.

Accordingly, the Court **ORDERS** as follows:

**A. Appointment of Interim Lead Counsel**

The Court hereby appoints Joseph P. Guglielmo of Scott+Scott Attorneys at Law LLP, Melissa R. Emert of Kantrowitz, Goldhamer & Graifman P.C., and M. Anderson Berry of Clayeo C. Arnold APC as Interim Co-Lead Class Counsel.

Interim Lead Counsel will act on behalf of the Plaintiffs and the putative class with the responsibilities set forth below:

    a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the Class consistent with the requirements of the Federal Rules of Civil Procedure;

c. Convene meetings amongst counsel;

d. Conduct settlement negotiations on behalf of Plaintiffs and the putative Class;

e. Delegate tasks to other plaintiffs' counsel to ensure that pretrial preparation for Plaintiffs and the putative Class is conducted efficiently and effectively;

f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g. Monitor the activities of all counsel to ensure that schedules and litigation deadlines are met and unnecessary expenditures of time and funds are avoided;

h. Ensure that all counsel comport with the billing and expense protocol being used by the leadership team and that will be submitted to the Court for approval;

i. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

j. Serve as the primary contact for communications between the Court and other plaintiffs' counsel;

k. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

l. Communicate with defense counsel as necessary to promote the efficient advancement of this litigation; and

m. Performing all other duties or tasks as are necessary to the prosecution of this matter on behalf of the putative Class.

**B. Appointment of Interim Liaison Counsel**

    a. Interim Liaison Counsel is designated as the counsel for all Plaintiffs in all cases upon whom others must serve all notices, orders, pleadings, motions, discovery, and memoranda.

    b. Interim Liaison Counsel is authorized to: (a) receive orders, notices, correspondence, and telephone calls from the Court and the Clerk of the Court on Plaintiffs' behalf; (b) prepare and transmit copies of such orders and notices on Plaintiffs' behalf; and (c) receive orders and notices from the Judicial Panel on Multidistrict Litigation, if any.

    c. Interim Liaison Counsel shall maintain complete files with copies of all documents served and make such files available to all Plaintiffs' counsel on request.

    d. Interim Liaison Counsel must maintain and make available to all counsel and the Court an up-to-date service list.

    e. Interim Liaison Counsel shall assume other responsibilities as may be deemed appropriate by Interim Lead Counsel or as ordered by the Court.

**C. Appointment of Plaintiffs' Executive Committee**

The Court hereby appoints as members of the Plaintiffs' Executive Committee, Sabita J. Soneji of Tycko & Zavareei LLP, Amber L. Schubert of Schubert, Jonckheer & Kolbe LLP, Ken Grunfeld of Kopelowitz Ostrow P.A., and John J. Nelson of Milberg Coleman Bryson Phillips Grossman, PLLC. The Interim Executive Committee must assist Interim Lead Counsel with:

The Court hereby appoints Israel David of Israel David LLC as Interim Liaison Counsel. Interim Liaison Counsel is responsible for performing the duties and responsibilities described Section B above and in the MANUAL FOR COMPLEX LITIGATION § 21.221 (4th ed. 2004), including facilitating and expediting communications with and among Plaintiffs' counsel and fulfilling such other duties as requested by the Court or Interim Lead Counsel.

The Court also orders the following:

a. Preparing the consolidated class action complaint and any subsequent amendments as necessary;

b. Developing and negotiating relevant discovery protocols and stipulations/orders, drafting discovery requests to defendants, and managing document review;

c. Managing, implementing, and overseeing third party discovery;

d. All matters regarding experts including preparing experts for and defending experts in depositions, and preparing for and taking depositions of opposing counsel's experts;

e. Researching legal issues, preparing motions, and responding to motions;

f. All other responsibilities as may deemed appropriate by Interim Lead Counsel or as ordered by the Court.

Unless otherwise ordered by the Court upon a showing of good cause, this Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

**SO ORDERED, this _____, 2025.**

_____
**EDGARDO RAMOS**
**UNITED STATES DISTRICT JUDGE**